UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ASHONDO KARICE HILL,

            Petitioner,            Case No. 1:15-cv-714

v.                                                 Honorable Janet T. Neff

DANIEL HEYNS,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Ashondo Karice Hill presently is incarcerated at the Carson City Correctional Facility. Petitioner pleaded guilty in the Wayne County Circuit Court to two counts of bank robbery, MICH. COMP. LAWS § 750.531. On June 20, 1989, he was sentenced to two concurrent prison terms of three to fifteen years. (*See* Wayne Cty. J., docket #1-3, Page ID#165.) Petitioner subsequently pleaded guilty in the Oakland County Circuit Court to armed robbery, MICH. COMP. LAWS § 750.529. On February 16, 1990, he was sentenced to a prison term of two-and-one-half to twenty years, to be served consecutively to his sentences arising out of the Wayne County convictions. (*See* Oakland Cty. J., docket #1-3, Page ID#156.)

On May 22, 2007, Petitioner was paroled to a 24-month term of parole. Petitioner complied with his parole terms, and his parole term was scheduled to end on May 22, 2009. On April 8, 2009, Petitioner was arrested and charged with felonious assault, which allegedly occurred in November 2008. On April 16, 2009, his parole agent charged him with three parole violations, based on the criminal charges. At the request of the parole agent, Petitioner agreed on April 20, 2009, to consolidate his probable cause hearing for the parole violation with his criminal preliminary examination hearing. On May 14, 2009, the district court dismissed the charges for lack of evidence, because the accuser failed to appear after being subpoenaed. Despite the finding of no probable cause at the preliminary examination/parole violation hearing, Respondent continued the revocation process and, on May 18, 2009, Petitioner was transferred from the Oakland County Jail to the Egeler Correctional Facility. Petitioner filed numerous grievances and kites concerning his detention, without result.

In the interim, on April 28, 2009, as the result of the pending charges, Petitioner's parole agent recommended extending his parole until May 22, 2010. (*See* Case Report, docket #1-1, Page ID#98.) The parole board issued an order on June 3, 2009,[1] extending Petitioner's parole until May 22, 2010. (*See* Ord. for Parole Ext., docket #1-1, Page ID#97.) Petitioner contends that the extension was improper under MICH. COMP. LAWS § 791.242(1), which, he contends, mandates release if there are no violations within the parole term. He also asserts that the parole violation process should have terminated on May 14, 2009, as his preliminary parole violation hearing had been consolidated with his preliminary examination on the charges, in accordance with MICH. ADMIN. R. 791.7740(2), where the claims were dismissed. The administrative rules require that, "[i]f the evidence presented at the preliminary examination is insufficient to support a probable cause finding, a finding of no probable cause shall be entered and the parolee shall be released immediately." MICH. ADMIN. R. 791.7750(3).

Nevertheless, Petitioner was not released. A full parole revocation hearing was scheduled and held on June 25, 2009, and the charges against Petitioner were again dismissed. On June 29, 2009, Petitioner was finally released from prison, but he was directed to report to his parole officer. He was told by the parole officer that he should be receiving discharge papers. But his parole, which had been continued as of June 3, 2009, continued to be in effect.

On December 8, 2009, Petitioner was arrested for a home invasion and armed robbery that took place on November 15, 2009. He posted bond, but bond was revoked on June 16, 2010, after the parole board issued a parole violation warrant. Petitioner initially pleaded guilty to the

---

[1]The typewritten date on the order was June 1, 2009, but it was dated by the signatory parole board members on June 3, 2009. I have used the date the order was signed as the date of issuance.

armed robbery in accordance with a plea deal that was later deemed illusory. He was allowed to withdraw his plea on May 13, 2011. On January 23, 2012, the prosecutor dismissed the charges. On January 24, 2012, Respondent took custody of Petitioner on a six-count parole-violation charge stemming from the November 15, 2009 incident, including his admission of guilt to police and his association with a known felon who was in possession of a firearm. On March 7, 2012, he was found guilty of four of the six parole violations, and his parole was revoked. (*See* Notice of Action/Parole Board, docket #1, Page ID#36.) In an order issued on April 13, 2012, the parole board continued his next parole hearing for 60 months. (*See* Parole Bd. Not. of Action, docket #1, Page ID#22.)

Petitioner filed a writ of mandamus in the Ingham County Circuit Court on January 23, 2013, contending that the parole board was compelled by MICH. COMP. LAWS § 791.242(1) to discharge Petitioner on May 22, 2009 or, at the latest, by June 25, 2009, when he was found not guilty of his probation violation after a full hearing. In May 2013, the court dismissed the mandamus action because Petitioner failed to adhere to a pre-filing requirement. On November 20, 2013, Petitioner filed an original action for habeas corpus in the Michigan Court of Appeals, claiming that he was serving a sentenced that he had already fully served under MICH. COMP. LAWS § 791.242(1). On May 13, 2014, the court of appeals denied the complaint without opinion. On June 2, 2014, Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on September 5, 2014.

Petitioner does not challenge the basis for the parole board's revocation of his parole on March 12, 2012. Instead, he contends that he should no longer have been on parole following the expiration of his original parole term.

I assume for purposes of this discussion that Petitioner's habeas application was filed on September 24, 2014.[2]

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]The instant petition was received by the Eastern District of Michigan on June 30, 2015, though it was dated on September 24, 2014. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008), the Sixth Circuit held that the date the prisoner signs the document ordinarily is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). Nevertheless, because of the lapse of nine months between the date placed on the petition and its receipt by the Court, the *Brand* rule is questionable here, absent evidence of interference with the mailing of the complaint. That said, the Court will accept for purposes of this report and recommendation that the petition was filed on the date on which it was signed.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### A. Timeliness from Date of Parole Extension.

The order extending Petitioner's parole issued on June 3, 2009. Yet Petitioner made no effort to challenge the June 3, 2009 extension of his parole until after he was found guilty of new parole violations on March 15, 2012. Arguably, Petitioner had 60 days to seek reconsideration of the June 3, 2009 order extending his parole.[3] Petitioner, however, did not seek a rehearing. Where a petitioner has failed to properly pursue an avenue of review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had 60 days, or until Monday, August 3, 2009, in which to seek reconsideration of the

---

[3]Under Mich. Comp. Laws § 791.255(1), a prisoner who is "aggrieved by a final decision or order of a hearings officer" may seek rehearing and, if unsuccessful, file a petition for judicial review in the circuit court for Ingham County. *Id.* Presuming that a "final decision" may arise separately from a determination of a hearings officer, Petitioner would have had a right to seek judicial review under the section.

parole board order. *See* MICH. COMP. LAWS § 791.255(1). Because Petitioner failed to file a timely motion for reconsideration, the order extending his parole became final when his time for seeking review in that court expired, on August 3, 2009.

Petitioner had one year, or until August 3, 2010, in which to file his habeas application. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2010, his state collateral complaints seeking writ of mandamus and habeas corpus relief filed in 2013 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable

tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent, nor does he offer new evidence of his innocence within the meaning of *Schlup*, 513 U.S. at 329. Petitioner therefore is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred, as calculated from the date of the order extending his parole.

### B. Timeliness from Date of Parole Revocation

Even assuming that Petitioner's statute of limitations did not begin to run until after he was returned to prison on a subsequent parole violation, Petitioner's action is not timely. Petitioner's parole was revoked on March 12, 2012, following a full parole-violation hearing. (*See* Parole Bd. Notice of Action, docket #1, Page ID#36.) Petitioner had 60 days to seek reconsideration of the parole board's March 12, 2012 decision revoking his parole. *See* MICH. COMP. LAWS § 791.255(1). Petitioner, however, did not seek a rehearing. As previously discussed, where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner's parole revocation therefore became final on May 11, 2012.

Petitioner therefore had one year, or until Monday, May 13, 2013, in which to file his habeas application. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007) The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner alleges that he filed an action for mandamus on January 23, 2013 in the Ingham County Circuit Court. An application for collateral review is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). According to Petitioner's brief in support of the petition, his action for mandamus was dismissed in May of 2013, because Petitioner "failed to adhere to a pre-filing requirement of the PLRA." (*See* Br. in Supp. of Pet., docket #1, Page ID#13.) Because Petitioner's action for mandamus was filed in violation of state law, it may not serve to toll the limitations period. *See Artuz*, 531 U.S. at 8; *Pace*, 544 U.S. at 417.

Petitioner next filed a complaint for writ of habeas corpus in the Michigan Court of Appeals on November 20, 2013. As I previously discussed, the tolling provision does not "revive" the limitations period. *Payton*, 256 F.3d at 408; *see also McClendon*, 329 F.3d at 493. Because Petitioner's one-year period of limitations expired on May 13, 2013, his complaint for writ of habeas corpus filed on November 20, 2013 did not revive the limitations period.

Moreover, for the reasons set forth earlier in this report and recommendation, Petitioner is not entitled to equitable tolling or to the actual-innocence exception set forth in *McQuiggin*, 133 S. Ct. at 1931-32. Accordingly, Petitioner's application for habeas relief is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: August 3, 2015                                    /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).