UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHONDO KARICE HILL,

    Petitioner,

v.

DANIEL HEYNS,

    Respondent.

_____/

Case No. 1:15-cv-714

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) (R & R, Dkt 7 at PageID.177). The matter is presently before the Court on Petitioner's objections (Dkts 8, 9) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner objects to the Magistrate Judge's Report and Recommendation in two respects. First, Petitioner asserts: "the magistrate concludes that the petitioner's petition is time barred due to the petitioner['s] failure to seek review of the parole extension order [through] reconsideration

…" (Obj., Dkt 9 at PageID.191). Petitioner contends that he was "mislead [sic] into thinking tht [sic] the respondents legally extended his parole term before it expired on May 23, 2009" (*id.*). Second, Petitioner contends that the Magistrate Judge misapplied § 2244(d) because Petitioner's parole extension order and parole revocation decision are administrative actions, not state court judgments; thus the statute of limitations had not yet run when he filed his petition.

Petitioner's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis and conclusion. Additionally, Petitioner has failed to demonstrate evidence to overcome the time bar under § 2244(d).

## I.

With regard to his first objection, Petitioner misconstrues the determinations in the Magistrate Judge's Report and Recommendation. The Magistrate Judge found that "[b]ecause Petitioner failed to file a timely motion for reconsideration, the order extending his parole became final when his time for seeking review in that court expired, on August 3, 2009" (R & R at PageID.183); thus, Petitioner had one year from that time to file his habeas application. Petitioner has not presented any evidence to show that his petition was timely. Petitioner has failed to meet his burden of demonstrating that he is entitled to equitable tolling or a different start date for the running of the statute of limitations.

Petitioner vaguely argues that his parole extension order involved fraudulent concealment, apparently in an attempt to bring his habeas claim under § 2244(d)(1)(D). Yet, Petitioner fails to provide the Court with the date on which he discovered the alleged fraudulent concealment, any calculations with regard to the statute of limitations, or to show that he exercised the due diligence

required under § 2244(d)(1)(D) (*see* R & R at PageID.181). Petitioner falls far short of showing how such assertions render his habeas petition timely.

In the alternative, to the extent that Petitioner argues that he should be entitled to equitable tolling, he has again, for the reasons stated above, failed to meet his burden of proving that "he has been pursuing his rights diligently" as required. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). "[E]quitable tolling applies 'where despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim.'" *Ajazi v. Gonzales*, 216 F. App'x 515, 519 (6th Cir. 2007) (quoting *Socop-Gonzales v. Immigration and Naturalization Serv.*, 272 F.3d 1176, 1193 (9th Cir. 2001)). Petitioner failed to act with due diligence when he failed to timely take any action after his parole was revoked. The Magistrate Judge properly concluded that Petitioner's habeas corpus petition is barred by the one-year statute of limitations.

## II.

As a general matter, Petitioner's second objection offers nothing more than unsupported legal conclusions. Petitioner provides no record citations or case law to support his argument and he fails to point to any errors that otherwise affect the analysis or outcome of his habeas case.

Petitioner is challenging his parole extension order and parole revocation. These administrative actions are a direct result of Petitioner's underlying conviction. The Magistrate Judge properly found that pursuant to § 2244(d)(1)(A) these actions constituted the basis for "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." Petitioner makes no persuasive or legally supportable argument why his parole extension order and parole revocation, as challenged administrative actions, should not constitute the start date for the running of the statute of limitations under § 2244(d). Numerous

cases from the Sixth Circuit have calculated the running of the statute of limitations from such proceedings. *See e.g. Klopp v. Wolfe*, 8 F. App'x 444 (6th Cir. 2001) (prisoner was required to file habeas petition within one year from the date on which judgment revoking his parole became final under state law); *Papenfus v. Tibbals*, 289 F. Supp. 2d 897 (6th Cir. 2003) (one-year statute of limitations period for filing federal habeas petitioner began to run when petitioner was sentenced as a parole violator).

The Magistrate Judge accurately calculated the statute of limitations under § 2244(d), and Petitioner has failed to demonstrate any error in those calculations. Petitioner's objections are denied.

Subsequent to the Report and Recommendation and his Objections, Petitioner filed a Motion to Amend Habeas Corpus Petition (Dkt 11). Petitioner requests that this Court permit an amendment of his § 2254 habeas petition to convert it to a petition instead brought under 28 U.S.C. § 2241 to cure what Petitioner perceives as jurisdictional deficiencies based on the alleged lack of a state court judgment in his case. The Court finds no basis for such an amendment. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that some question exists whether state prisoners may ever proceed under § 2241). Regardless, Petitioner's claim would still be subject to the one-year limitations period, and denied as untimely. *See id.*

Because Petitioner's habeas petition is properly denied, his pending motion for release (Dkt 13) is denied as moot.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a

certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 8, 9) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Habeas Petition (Dkt 11) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's motion for release on bond (Dkt 13) is DENIED as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: May 10, 2016                    /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge